UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHANA C. ARUCAN,

     Plaintiff,

v.

CAMBRIDGE EAST
HEALTHCARE/SAVA SENIORCARE
LLC, *et al*,

     Defendants.

Case No. 16-12726
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

---

## OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL DISCOVERY [57]

---

Johana Arucan has sued her employer for discrimination and wrongful termination and two police officers who were called to remove her from the premises for constitutional violations. (R. 5.) The Court referred the case to Magistrate Judge Dawkins Davis for all pretrial matters. (R. 10.)

Now before the Court are Arucan's objections to the Magistrate Judge's order denying her motion to compel discovery. (R. 67.) For the reasons set forth below, the Court overrules Arucan's objections and affirms the order.

## I.

The Magistrate Judge's order resolved a nondispositive discovery dispute. *See Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A ruling is "'clearly erroneous' when, although there is evidence to support it, the reviewing court. . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of*

*Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted). Relatedly, in deciding discovery disputes, a magistrate judge is entitled to the same broad discretion as a district judge and her order is overruled only upon a finding of an abuse of discretion. *State Farm Mutual Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 703 (E.D. Mich. 2017) *report and recommendation adopted* No. 14-11700, 2017 WL 3116261 (July 21, 2017); *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 209 (6th Cir. 1995). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

## II.

The Magistrate Judge issued a Case Management Order which set a discovery deadline of March 13, 2017. (R. 35.) Plaintiff filed a motion to compel claiming the Defendants failed to answer her interrogatories and document requests. (R. 57.) The relevant Defendants responded that the discovery requests were not served until March 21, 2017—eight days after the close of discovery. (R. 58-3, PID 622.) Plaintiff provided no evidence to the contrary. Thus, the Magistrate Judge denied the motion to compel. (R. 66.)

There is nothing clearly erroneous about this ruling. First, untimely discovery may be denied. *See, e.g., Francis v. AT&T Mobility LLC*, No. 07-14921, 2008 WL 5212171 (E.D. Mich., Dec. 12, 2008); *Logan v. Cooper Tire & Rubber Co.*, No. 10-3-KSF, 2011 WL 5245354, *2 (E.D. Ky. Nov. 2, 2011). Additionally, in her objection, Plaintiff attaches interrogatory requests with a certificate of service dated March 3, 2017 and a receipt purporting to show the same. (R. 67, PID

698, 704.) But she failed to provide this information to the Magistrate Judge. Indeed, the Magistrate Judge specifically found that Plaintiff "provide[d] the court with no evidence to support a claim that [the discovery requests] were timely served." (R. 66, PID 689–90.) In the absence of any explanation for Plaintiff's failure to provide this information earlier, the Court will deem the argument waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Even if the Court considered Plaintiff's argument, it would not change the result. Under the parties' scheduling order, "All discovery must be initiated such that it is completed by MARCH 13, 2017." (R. 35, PID 136.) And the Defendants are entitled to 30 days to respond to interrogatories and document requests. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); *see also Scott v. Mem'l Health Care Sys., Inc.*, No. 13-361, 2015 WL 12531987, at *7 (E.D. Tenn. Sept. 29, 2015). Thus, even assuming Plaintiff served her discovery requests on March 3, 2017 instead of March 21, 2017, they were still untimely. The Court will overrule this objection.[1]

### III.

While not entirely clear, Arucan also appears to object to the Magistrate Judge denying her motion to compel her employment file. (*See* R. 67.) The Magistrate Judge did so because Defendants ultimately produced the file. (R. 66, PID 688–90.) Thus, there was nothing for the Magistrate Judge to compel and no abuse of discretion. The Court will overrule this objection.

### III.

For the reasons stated, the Magistrate Judge's Order is AFFIRMED.

---

[1] Arucan also attaches receipts indicating that she sent the discovery requests to Defendants Heinrich and Zamojski. (R. 67, PID 693, 697.) But they are untimely for the same reasons. So none of the Defendants will be compelled to produce responses.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: January 3, 2018                           U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2018.

s/Keisha Jackson
Case Manager